```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X     E.D. Bankr. Case
In re:                                  No. 07-70893(JBR)

MORRIS WALERSTEIN                       MEMORANDUM AND ORDER
                                        07-CV-2746(JS)
                Debtor.
----------------------------------X
APPEARANCES:
For Appellant:      Morris Walerstein, Pro Se
                    20 Willoughby Avenue
                    Coram, New York 11727

For Appellee:       Michael H. Cohn, Esq.
                    Coth & Roth
                    100 East Old County Road
                    Mineola, New York 11501

Trustee:            Marianne DeRosa, Esq.
                    Standing Chapter 13 Trustee
                    100 Jericho Quadrangle, Suite 208
                    Jericho, NY 11753
                    516-622-1340
```

SEYBERT, District Judge:

Morris Walerstein ("Walerstein" or "Appellant") commenced this bankruptcy appeal on July 5, 2007, and the appeal was docketed on July 10, 2007. Walerstein seeks review of Bankruptcy Judge Joel B. Rosenthal's order granting Appellee's motion to lift the automatic stay in the underlying Chapter 13 Bankruptcy proceeding pursuant to 11 U.S.C. § 362(d)(1). For the reasons stated below, Appellant's appeal is DISMISSED.

## BACKGROUND

On March 12, 2007, Walerstein filed a Chapter 13 Bankruptcy proceeding. The filing was the third bankruptcy proceeding filed by Walerstein within the previous two years, and

the fifth filed by either Walerstein or his wife, Thelma Walerstein.

Walerstein failed to submit copies of his income tax returns or pay statements for his Chapter 13 filing, as required by 11 U.S.C. § 521. As a result of this deficiency, and based upon deficiencies noted in Walerstein's previous bankruptcy proceedings, Green Tree Credit LLC ("Green Tree") moved for relief from the automatic stay provision provided in 11 U.S.C. § 362. Section 362 stays creditors from, <u>inter alia</u>, enforcing against the debtor a judgment obtained before the commencement of the bankruptcy proceedings, obtaining possession of the Debtor's property, or perfecting or enforcing a lien against the property.

On May 9, 2007, Bankruptcy Judge Rosenthal granted Green Tree's motion, lifted the automatic stay, and granted Green Tree leave to take whatever action necessary to protect its interest in Walerstein's property, located at 20 Willoughby Avenue, Coram, New York. On July 2, 2007, Bankruptcy Judge Rosenthal dismissed the case, finding that Walerstein failed to comply with 11 U.S.C. § 521, failed to appear at meetings and be examined by creditors, as required by 11 U.S.C. § 343, and failed to make Chapter 13 plan payments, as required by 11 U.S.C. § 1326(1)(1).

On May 23, 2007, Walerstein filed a notice of appeal with the Bankruptcy Court seeking appellate review of Bankruptcy Judge Rosenthal's order lifting the automatic stay. Walerstein did not

appeal Bankruptcy Judge Rosenthal's dismissal of the case.

## DISCUSSION

Bankruptcy Rule 8002(a) requires parties to file a notice of appeal from a bankruptcy court order within ten calendar days of the date that the final order is entered. Bankruptcy Judge Rosenthal's order lifting the automatic stay was entered on May 9, 2007. Walerstein did not file a notice of appeal until May 23, 2007, four days past the deadline for doing so. District courts may dismiss a bankruptcy appeal where it is filed outside of the time allowed for by Rule 8002(a). See Siemon v. Emigrant Savs. Bank (In re Siemon), 421 F.3d 167, 169 (2d Cir. 2005) ("Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"); Oren v. Kass, No. 04-CV-4297, 2005 U.S. Dist. LEXIS 20848, at *16 (E.D.N.Y. Sept. 23, 2005) ("The ten-day time limit set forth in Rule 8002 is jurisdictional in nature, and an appellant's failure to comply with this deadline deprives a district court of jurisdiction to consider the appeals on the merits."). Accordingly, Walerstein's late appeal deprives this Court of jurisdiction to hear his bankruptcy appeal.

Moreover, even if Walerstein's appeal were timely filed, the Court would not be able to grant Walerstein the relief he

seeks. Walerstein appealed the Bankruptcy Court's lift of the automatic stay provisions in 11 U.S.C. § 362, but never appealed the court's ultimate dismissal of his bankruptcy proceedings, and the time for appealing the dismissal has long since passed. Pursuant to Section 362, any automatic stay would have terminated upon dismissal of the case. Accordingly, even if the Bankruptcy Court erred in lifting the automatic stay, the Court cannot reinstate the stay because the underlying bankruptcy proceeding has been dismissed. Therefore, Walerstein's appeal is moot. See <u>In re Watkins</u>, 06-CV-1341, 2008 U.S. Dist. LEXIS 20377 (E.D.N.Y. March 14, 2008) (debtor's appeal of the bankruptcy court's decision to lift the automatic stay was moot because the debtor had already been evicted); <u>see</u> <u>also</u> <u>Northland Assocs. v. United States, IRS (In re Abrantes Constr. Corp.)</u>, 160 B.R. 484, 488 (S.D.N.Y. 1993) (holding that the dismissal of the bankruptcy proceeding rendered the issue of the automatic stay provision moot.)

## <u>CONCLUSION</u>

For all of the reasons set forth herein, the Order of the Bankruptcy Court is AFFIRMED, and Walerstein's appeal is DISMISSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         March  24 , 2008